**Lavara GOODMAN and Allessandra Curtis, Plaintiffs-Appellants,**

v.

**STATE FARM INSURANCE CO., State Farm Fire & Casualty Co., Defendants-Respondents.**

No. 47490.

Missouri Court of Appeals, Eastern District, Division One.

April 22, 1986.

William W. Brown, Bridgeton, for plaintiffs-appellants.

John G. Doyen, Clayton, for defendants-respondents.

SMITH, Judge.

Plaintiffs appeal from a verdict and judgment against them in a jury tried case arising from the refusal of defendant to

pay under its fire insurance policy. We affirm.

The home of plaintiff Allessandra Curtis and her husband was substantially damaged by fire. The property was owned by Mrs. Curtis and her mother, Lavara Goodman. The defendant refused payment under its policy on the basis that the fire was intentionally caused by the acts of Mrs. Curtis and her husband. Plaintiffs sued on the insurance policy and sought, in addition to the coverage provided by the policy, penalties for vexatious refusal to pay. Plaintiff's claim, including that for vexatious refusal to pay, was submitted to the jury which found for defendant.

▇ There was evidence to support a finding that the fire was incendiary in origin and circumstantial evidence to support a conclusion that the Curtis' were the incendiary cause. On appeal plaintiffs raise two points. First they contend that the trial court erred in allowing the testimony of the defendant's investigator concerning statements made to him by neighbors linking Mr. Curtis to the fire. Secondly, they contend that certain of the evidence concerning these statements was confusing and misleading.

▇ The testimony elicited was properly admitted. It was offered not for its truth, but to establish the information in the possession of the defendant when it denied plaintiffs' claim. As such it was relevant to the vexatious refusal to pay allegations injected into the lawsuit by plaintiffs' petition. *Scott v. Missouri Ins. Co.*, 361 Mo. 51, 233 S.W.2d 660 (en banc 1950) [8]; *Toler v. Atlanta Life Ins. Co.*, 248 S.W.2d 53 (Mo.App.1952) [5]. Had plaintiffs sought an instruction limiting the extent to which, and the purpose for which, the jury could consider the evidence, they would have been entitled to such an instruction. *Scott v. Missouri Ins. Co., supra*, [9]. They did not so request, although both defense counsel and the trial court advised the jury that the testimony was not being offered for its truth but only for the fact that the statements were made.

▇ As to the second point, it was not preserved; whatever confusion existed from the testimony was fully explored in cross-examination; the evidence related solely to the vexatious refusal to pay claim which was never reached by the jury. We find no error.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.